UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JAFFAR DOWNIE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | 2:18-cv-00187-DBH |
| STATE OF MAINE, | ) |  |
| Respondent | ) |  |

## RECOMMENDED DECISION ON HABEAS PETITION

In this action, Petitioner Jaffar Downie seeks habeas relief from pretrial detention. (Petition, ECF No. 1.)

Following a preliminary review of the petition pursuant to 28 U.S.C. § 1915A and Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition without prejudice.

## FACTUAL BACKGROUND

According to the petition, Petitioner entered state custody on criminal charges on October 3, 2017, and was in custody at the York County Jail when he filed the petition. (Petition at 1.) Insofar as Petitioner alleges that the State has failed to prosecute, and that he has made a speedy trial request, Petitioner is evidently a pretrial detainee. (*Id.*) He alleges that "bail is $1500 but the courts aren't hearing bail arguments because of terrible counsel . . . ." (*Id.*) Petitioner requests release from his pretrial detention. (*Id.*)

**DISCUSSION**

Although this Court docketed Petitioner's request for habeas relief as filed pursuant to 28 U.S.C. § 2254, courts have held that jurisdiction under § 2254 is limited to post-conviction detention, and that 28 U.S.C. § 2241 is the relevant statute for challenging the constitutionality of pretrial detention.[1] *See, e.g.*, *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015); *Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008). Therefore, for purposes of this recommended decision, Petitioner's request for relief from pretrial detention is construed as having been filed pursuant to section 2241.[2]

Pursuant to 28 U.S.C. § 1915A, when a prisoner asserts a claim against a governmental entity, a court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, a federal district court must dismiss a habeas corpus petition if it appears from the petition that the petitioner is not entitled to relief. Rules Governing Section 2254 Cases, Rules 1(b) (authorizing the application of section 2254 rules to other habeas actions) and 4 (requiring dismissal "[i]f it plainly appears from the petition and any attached exhibits that the

---

[1] Title 28 U.S.C. § 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Title 28 U.S.C. § 2254(a) provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

[2] Because Petitioner's filing is construed as a section 2241 filing, rather than a section 2254 filing, the notice required by *Castro v. United States*, 540 U.S. 375 (2003), is not applicable.

petitioner is not entitled to relief in the district court"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").

To the extent Petitioner seeks to assert a habeas corpus petition to secure his release from pretrial detention, *Younger v. Harris*, 401 U.S. 37 (1971), mandates abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

The criminal proceedings alleged in the petition are judicial in nature, implicate important state interests associated with the State's administration of its laws, afford Petitioner an adequate opportunity to raise federal constitutional challenges, and allow

Petitioner to advocate for pretrial release on the same grounds he would cite in this Court. Abstention, therefore, is presumptively appropriate. Indeed, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703-DJC, 2012 WL 1802056, at *3 n. 7, 2012 U.S. Dist. Lexis 68192, at *9-10 n.7 (D. Mass. May 16, 2012).

In this case, Petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption for abstention. Accordingly, abstention is appropriate in this case.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases, and I recommend the Court dismiss without prejudice Petitioner's motion for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                    /s/ John C. Nivison
                                    U.S. Magistrate Judge

Dated this 14th day of May, 2018